IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br><br>    Defendant.<br>_____/ | No. C 10-02150 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

Now before the Court is the motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") filed by defendant US Department of Navy ("the Navy"). This motion is fully briefed and ripe for decision. The Court finds this motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for February 11, 2011, is VACATED. Having carefully considered the parties' papers and the relevant legal authority, the Court hereby GRANTS the Navy's motion to dismiss.

**BACKGROUND**

Plaintiff American Small Business League ("ASBL") requested certain records from the Navy on December 1, 2009 pursuant to the Freedom of Information Act ("FOIA"). (Opp. to Mot. to Dismiss ("Opp.") at 2.) The Navy responded in a letter dated December 4, 2010, indicating that ASBL had requested documents using inadequate descriptions of the records sought and asking for the Navy contract numbers associated with the records. ASBL appealed

the Navy's response by letter dated December 15, 2009. ASBL sent this appeal to the address found on the letterhead of the Navy's response letter:

> Chief of Naval Operations (N09B10)
> 2000 Navy Pentagon
> Washington, DC 20350-2000

The Navy did not respond to the December 15, 2009 letter. By letter dated January 6, 2010, the Navy informed ASBL that it was closing the file on the December 1, 2009 FOIA request. This letter further notified ASBL that it could submit a new FOIA request for the same information, but ASBL instead responded on January 12, 2010 by sending a protest of this treatment to an email address specified in the Navy's December 4, 2009 and January 6, 2010 letters. After nearly a month without receiving a response from the Navy, ASBL sent a second appeal letter to the address found on the letterhead of the Navy's December 4, 2009 and January 6, 2010 letters. This second appeal letter, dated February 10, 2010, threatened to "purs[u]e alternative actions" if ASBL did not receive a response within 10 business days. On May 18, 2010, ASBL filed this action seeking to compel the Navy to provide the information originally requested.

On October 22, 2010, the Navy filed the instant motion to dismiss the complaint under Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction because ASBL did not exhaust the available administrative remedies. Specifically, the Navy contends that ASBL never sent an appeal to a proper address. ASBL does not deny this contention but opposes the motion to dismiss by arguing that any deficiency in its appeal is the Navy's fault because the Navy never advised ASBL of the proper address.

**ANALYSIS**

**A.      Legal Standards for a Motion to Dismiss Under Rule 12(b)(1).**

A party moving to dismiss under Rule 12(b)(1) may make a facial or a factual attack on jurisdiction. A facial attack challenges the sufficiency of the jurisdictional allegations in a complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge instead "attack[s] the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citation

2

1  omitted); *accord Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the
2  court "need not assume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted).
3  When "the question of jurisdiction is dependent on the resolution of factual issues going
4  to the merits of an action," a jurisdictional finding of genuinely disputed facts is inappropriate.
5  *Id.* (internal quotations and citations omitted). "The question of jurisdiction and the merits of
6  an action are intertwined where a statute provides the basis for both the subject matter
7  jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal
8  quotation and citation omitted). Notwithstanding this general rule, dismissal for lack of subject
9  matter jurisdiction, even when intertwined with the merits, may be appropriate "when the
10 allegations of the complaint are frivolous." *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*,
11 594 F.2d 730, 734 (9th Cir. 1979) (citation omitted).

**B.     ASBL Failed to Exhaust Its Administrative Remedies.**

The Navy moves to dismiss the ASBL's complaint for lack of subject matter jurisdiction. Specifically, the Navy contends that the Court lacks jurisdiction over the claims because ASBL failed to send its appeals to the proper addresses listed in 32 C.F.R. § 701.12 and therefore failed to exhaust its administrative remedies. Section 701.12(d) provides two addresses to which Navy FOIA appeals may be sent:

> General Counsel of the Navy
> 720 Kennon Street, SE, Room 214
> Washington Navy Yard
> Washington, DC 20374-5012

and

> Judge Advocate General
> Washington Navy Yard
> 1322 Patterson Avenue, SE, Suite 3000
> Washington, DC 20374-5066

The Navy contends that, because the Office of the General Counsel has moved since Section 701.12 was promulgated, a third address corresponding to the current location of the Office is also suitable for FOIA appeals:

> Department of the Navy
> Office of the General Counsel
> ATTN: FOIA/PA Appeals Office
> 1000 Navy Pentagon, Room 4E635
> Washington, DC 20350-1000

3

(Decl. of April A. Christensen in Supp. of Def.'s Mot. to Dismiss ¶ 4.) The Navy does not indicate where, or whether, this third address is published. It does, however, maintain that these three addresses are the only ones to which FOIA appeals may be sent. ASBL does not dispute that it sent its appeal to the wrong address.

"Exhaustion of a part[y]'s administrative remedies is required under the FOIA before that party can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) (citations omitted). "The complainant must request specific information *in accordance with published administrative procedures* and have the request improperly refused before that party can bring a court action under the FOIA." *Id.* at 466 (emphasis added) (citing 5 U.S.C. § 552(a)(1)-(3), (4)(B)). ASBL concedes that it did not comply with the Navy's FOIA appeal requirements, which are published at 32 C.F.R. § 701.12. Under *Steele*, "[w]here no attempt to comply fully with agency procedures has been made," the Court lacks subject matter jurisdiction under the exhaustion doctrine. *Id.* (citation omitted).

ASBL argues that the Navy's failure to inform it of the proper address to which appeals must be sent absolves it of the responsibility to exhaust its administrative remedies. Though ASBL cites several regulations and other materials for the proposition that the Navy should have informed ASBL where to send FOIA appeals, it cites no authority in support of its argument that the Navy's alleged failure to advise ASBL where to submit the appeals excuses compliance with published administrative procedures. To support its contention that the Navy failed to advise ASBL of the FOIA appeal procedures, ASBL relies on two unpublished cases cited by the Navy: *Leinenbach v. United States Dep't of Justice*, 2006 U.S. Dist. LEXIS 39307 (D.D.C. June 14, 2006), and *Bettwieser v. Lucas*, 2007 U.S. Dist. LEXIS 55555 (D. Idaho July 27, 2007), *appeal dismissed by Bettwieser v. Lucas*, 364 F. App'x 392 (9th Cir. 2010). ASBL contends that in each of those cases, the agencies provided the plaintiffs with the proper addresses for submitting FOIA appeals. *Leinenbach*, 2006 U.S. Dist. LEXIS 39307 at *16; *Bettwieser*, 2007 U.S. Dist. LEXIS 55555 at *8.

In *Bettwieser*, the district court followed *Steele* to dismiss a FOIA action for failure to exhaust administrative remedies prescribed by agency regulations. 2007 U.S. Dist. LEXIS

4

55555 at *8. The *Bettwieser* court cited the published regulations which set forth the applicable procedures, but did not hold that the agency was required to advise the plaintiff of the correct address for submitting a FOIA appeal. In dismissing the FOIA claims in *Bettwieser*, the court determined that the plaintiff "did not comply with the Postal regulations regarding where the appeal should be sent." *Id.*

In *Leinenbach*, the district court dismissed a FOIA action against the Department of Justice for failure to exhaust administrative remedies but denied the Government's motion to dismiss the action against the National Personnel Records Center ("NPRC") despite the plaintiff's failure to exhaust. 2006 U.S. Dist. LEXIS 39307 at *20. The district court determined in *Leinenbach* that the NPRC's correspondence with the plaintiff was ambiguous with respect to administrative procedures and that the plaintiff "could reasonably have concluded that he exhausted his administrative remedies before the NPRC." *Id.* at *19. Applying the law of the D.C. Circuit, the *Leinenbach* court held that, under FOIA, "exhaustion of administrative remedies is prudential rather than jurisdictional" and declined to dismiss the complaint for failure to exhaust. *Id.* at *20.

In *Leinenbach*, the court relied on D.C. Circuit authority holding that "a court is not barred from hearing a claim that has not been exhausted." *Id.* This Court, however, is bound by Ninth Circuit authority which holds that when a party fails to exhaust its administrative remedies under FOIA, "the courts will assert their lack of jurisdiction under the exhaustion doctrine." *Steele*, 799 F.2d at 466. *See Hymen v. Merit Sys. Prot. Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986) (FOIA claims dismissed for failure to comply with regulations providing for appeals), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990); *Davis v. Astrue*, 513 F.Supp.2d 1137, 1148 (N.D. Cal. 2007) (same). The Court concludes that ASBL's failure to send an appeal to the proper FOIA appeals address in accordance with published administrative procedures deprives the Court of jurisdiction under *Steele*. 799 F.2d at 466.

ASBL, admittedly having failed to follow proper procedures, may not use this Court's power to compel the Navy to produce records without exhausting its administrative remedies.

*Steele*, 799 F.2d at 466. The Court concludes that ASBL failed to exhaust its administrative remedies by failing to send the FOIA appeal to one of the addresses for filing appeals specified in the Navy's published procedures. Accordingly, the Court grants the Navy's motion to dismiss for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Navy's motion to dismiss is GRANTED, and ASBL's complaint is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: February 7, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE